IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-353
(3:05-cr-105)

| | |
|---|---|
| CEDRIC LEE BENTON ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA ) | |

**THIS MATTER** is before the Court upon consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 3); counsel's supplemental motion,[1] (Doc. No. 3); and the Government's Response, (Doc. No. 13). For the reasons that follow, Petitioner's motion, as supplemented, will be dismissed.

I.  BACKGROUND

On April 25, 2005, Petitioner was indicted for conspiracy to possess with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One) and five counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C) (Counts Two through Six). (Case No. 3:05-cr-105, Doc. No. 3). The Government filed notice of a prior drug conviction to enhance his statutory penalties, pursuant to 21 U.S.C. § 851. (Id., Doc. No. 5).

---

[1] After the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), this district began appointing counsel to defendants who might have a claim for relief. (Case No. 3:12-mc-92: Order). On December 21, 2012, new counsel filed a supplement to Petitioner's § 2255 motion which included claims for relief under 28 U.S.C. § 2241 and petitions for writs of coram nobis and audita querela, (Doc. No. 3). Those alternative claims were later voluntarily withdrawn and dismissed. (Doc. No. 4).

1

Petitioner entered a plea agreement in which he admitted responsibility for at least 50 grams of cocaine base. (Id., Doc. No. 17 at 2). Additionally, he acknowledged that he could be sentenced as a career offender under USSG §4B1.1, and that neither party could seek a departure or variance from the applicable guideline range. (Id. at 3). Petitioner waived his right to contest his conviction or sentence collaterally, except for claims of prosecutorial misconduct, ineffective assistance of counsel, or a sentence based on guideline findings inconsistent with explicit stipulations in the agreement. (Id. at 5).

A magistrate judge conducted Petitioner's Plea and Rule 11 hearing and placed him under oath. (Case No. 3:05-cr-105, Doc. No. 43: Plea Hr'g Tr. at 2). The magistrate judge explained the elements of the charge, with its 20 year minimum and life maximum penalties, and Petitioner stated that he understood them. (Id. at 6-8). The Government recited the terms of the plea agreement, including the collateral attack waiver, which Petitioner confirmed that he understood. (Id. at 24-27). At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowing and voluntary. (Id. at 34).

The United States Probation officer concluded that Petitioner qualified as a career offender based on his prior drug and violent crime convictions. (Case No. 3:05-cr-103, Doc. No. 57: Presentence Report (PSR) ¶ 25). Thus, he faced an advisory guideline range of 262 to 327 months' imprisonment, with acceptance of responsibility and a criminal history category VI. (Id. ¶ 97). Consistent with the plea agreement, the Court imposed a sentence of 262 months, which was affirmed on appeal. (Case No. 3:05-cr-103, Doc. No. 52: Judgment at 2); United States v. Benton, 523 F.3d 424 (4th Cir. 2008). The Supreme Court denied Petitioner a writ of certiorari on November 3, 2008. Benton v. United States, 555 U.S. 998 (2008).

Petitioner filed the instant motion on June 6, 2012, contending: (1) he was improperly sentenced based on "crack" when his indictment specified "cocaine base," relying on DePierre v. United States, 131 S. Ct. 2225 (2011); (2) he was improperly sentenced as a career offender because only one prior conviction qualified as a felony, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 1: Motion at 4, 10). He claims his motion is timely because it was filed within one year of the DePierre decision, (Id. at 12), and counsel claims Petitioner is entitled to equitable tolling because his claim could not have successfully been raised prior to Simmons. (Doc. No. 3 at 21). The Government responds that Petitioner's motion is untimely, that he waived the issues raised, and that he is still subject to the career offender enhancement following Simmons.[2] (Doc. No. 13: Response at 1).

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that district courts are to examine a motion to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.3d 526, 529 (4th Cir. 1970).

III. DISCUSSION

  A. Timeliness

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

---

[2] This matter was stayed pending the decision announced in United States v. Valdovinos, 760 F.3d 322 (4th Cir. 2014) (applying Simmons and finding that statutory penalty, not binding plea agreement, determines whether an offense was punishable by more than a year). (Doc. No. 11).

3

("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on November 3, 2008, when the Supreme Court denied him a writ of certiorari. See Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner has not shown that DePierre is retroactive to cases on collateral review. Additionally, the Fourth Circuit's en banc decision in Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) makes it clear that Petitioner's § 2255 motion, filed on June 6, 2012, is untimely and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging predicates used for guideline sentencing enhancements was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations, which the Government asserts as a defense in this case. Id., 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4)); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including

4

[Jason] Simmons himself") (collecting cases).³ Therefore, Petitioner is clearly not entitled to relief on this untimely claim.

      B.      Waiver

It is well settled that a defendant may waive his right to contest his sentence in a collateral proceeding so long as the decision is knowing and voluntary. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Here, Petitioner affirmed under oath during his Rule 11 hearing that he understood the terms of his plea agreement, which included the waiver of claims other than prosecutorial misconduct, ineffective assistance of counsel, and sentencing contrary to explicit stipulations in the plea agreement. Both the magistrate judge and this Court found that his guilty plea was knowing and voluntary, which Petitioner has not contested in this proceeding. The Fourth Circuit has found that a similar claim was foreclosed by the waiver in a plea agreement. United States v. Beckham, 592 F. App'x 223, 224-25 (4th Cir. 2015) (collateral attack of career offender designation based on Simmons waived in plea agreement entered knowingly and voluntarily). Therefore, Petitioner is not entitled to relief on this claim.

Even if the Court were to reach the merits of Petitioner's claims, he would not be entitled to relief. First, the Court sentenced Petitioner to the low end of the advisory range triggered by the career offender guideline. That guideline sets the offense level by the statutory maximum, which in this case was life given Petitioner's stipulation that more than 50 grams of cocaine base was reasonably forseeable to him, pursuant to 21 U.S.C. §§ 841(b)(1)(A). Second, he admits one career offender predicate, (Doc. No. 1 at 10; Doc. No. 5 at 3), and the other is satisfied by his

---

³ Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).

larceny from the person conviction, which he acknowledges was punishable by up to 14 months' imprisonment, (Doc. No. 3 at 4). United States v. Valdovinos, 760 F.3d 322, 330 (4th Cir. 2014) (statutory penalty, not binding plea agreement, determines whether an offense was punishable by more than a year). Finally, Petitioner's sentence was below the statutory maximum; thus, his claim is not cognizable on collateral review. United States v. Foote, 784 F.3d 931 (4th Cir. 2015) (challenge to a career offender designation based on the length of prior sentences could not be raised in a § 2255 proceeding). Therefore, Petitioner's claims are without merit.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, as supplemented (Doc. Nos. 1, 3), is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 3, 2015

Robert J. Conrad, Jr.
United States District Judge